UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK STEWART MURFITT,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-237-PPS-MGG

MICHAEL D. GRZEGOREK, et al.,

Defendants.

OPINION AND ORDER

Mark Stewart Murfitt, a prisoner without a lawyer, filed an amended complaint (ECF 10) alleging that Sheriff Michael D. Grzegorek, Warden Julie Lawson, Captain S. Richmond, and Ms. Coleman have impeded his access to the courts while he was a pre-trial detainee at the St. Joseph County Jail. (ECF 10). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Murfitt claims that the defendants collectively have violated his rights to legal mail, legal copies, and library access. As noted in my previous order, prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts to adjudicate claims that have a reasonable basis in law or fact without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or condition hindered the inmate's efforts to pursue a non-frivolous legal claim, and that actual harm resulted. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). Thus, to state a claim, Murfitt must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Murfitt has outlined four separate civil actions that he alleges he was unable to pursue because he was denied access to the law library, copies, or legal mail. He claims that, on June 12, 2012, he suffered a property loss, mental anguish, and anxiety due to wrongful police activity. He asserts that the claim was subject to a five-year statute of limitation. He further asserts that he was unable to file his complaint before the statute of limitations expired on or about June 12, 2017, because he needed access to the

Indiana Rules of Trial Procedures, legal copies, and legal mail. He does not explain why he believes that statute of limitation was five years. Indiana's statute of limitation for personal injury and property claims is two years. *See* I.C. § 34-11-2-4(a). He also does not explain why he needed the Indiana Rules of Trial Procedure to file his complaint. He was, after all, able to file this complaint despite his law library access being restricted. It also appears that Murfitt was arrested on September 19, 2017, well after June 12, 2017, the date Murfitt asserts that the complaint was due. He needs to explain exactly when he was incarcerated at the St. Joseph County Jail – if he was not incarcerated at the time the complaint was due, then these defendants cannot be liable for his failure to file the complaint in a timely manner.

Murfitt also claims that, on August 14, 2016, a police officer falsely told his landlord that he had violated the chronic nuisance ordinance and, as a result, his landlord forced him to move from his apartment. He asserts that he was unable to pursue this case because he could not file the notice of tort claim by the February 20, 2017, deadline without access to the law library to obtain information about the tort claim format and procedure, and because he was unable to send the notice of tort claim by either certified or registered mail. He needs to clarify whether he was incarcerated at the St. Joseph County Jail between August 14, 2016, and February 20, 2017. He also needs to explain exactly what information he needed to obtain from the law library in order to file his tort claim.

Additionally, Murfitt claims that police officers used excessive force against him on September 6, 2016. He asserts that he was unable to pursue this claim because he could not file the notice of tort claim by the deadline of March 5, 2017, without access to the law library to obtain information about the tort claim format and procedure, and because he was unable to send the notice of tort claim by either certified or registered mail. He needs to clarify whether he was incarcerated at the St. Joseph County Jail between September 6, 2016, and March 5, 2017. Additionally, he needs to explain exactly what information he needed to obtain from the law library in order to file this tort claim. And, he needs to explain why he cannot pursue this claim in federal court pursuant to 42 U.S.C. § 1983.

Lastly, Murfitt claims that, on September 16, 2017, he was falsely arrested. He asserts that he was unable to pursue this claim because he could not file the notice of tort claim by the deadline of March 15, 2018, without access to the law library to obtain information about the tort claim format and procedure, and because he was unable to send outgoing legal mail either certified or registered. Murfitt needs to clarify whether he was incarcerated at the St. Joseph County Jail between September 16, 2017, and March 15, 2018. As with the other two claims, he needs to explain exactly what information he needed to obtain from the law library in order to file his tort claim. And, he needs to explain why he cannot pursue this claim in federal court pursuant to 42 U.S.C. § 1983.

Murfitt must also explain in detail how the defendants he has named in this action are responsible for his inability to pursue these claims. Section 1983 "liability

depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. An allegations that the defendants are collectively responsible or that he submitted grievances is insufficient. He must describe, with reference to each separate claim, who he asked for assistance, what he asked for (copies, legal mail or law library access) and what response he received.

While the amended complaint does not state a claim, I will afford Murfitt an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the second amended complaint, he should carefully address each item I have pointed out in this order. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Mark Stewart Murfitt;

(2) GRANTS Mark Stewart Murfitt until **August 31, 2018**, to file a second amended complaint on that form; and

(3) CAUTIONS Mark Stewart Murfitt that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on August 1, 2018.

                                                s/ Philip P. Simon
                                                JUDGE
                                                UNITED STATES DISTRICT COURT