UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK STEWART MURFITT,

Plaintiff,

v.  CAUSE NO.: 3:18-CV-237-PPS-MGG

MICHAEL D. GRZEGOREK, et al.,

Defendants.

OPINION AND ORDER

Mark Stewart Murfitt, a prisoner without a lawyer, filed an amended complaint (ECF 14) alleging that Warden Julie Lawson, Captain S. Richmond, and Ms. Coleman impeded his access to the courts while he was a pre-trial detainee at the St. Joseph County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Murfitt claims that the defendants collectively violated his rights to legal mail, legal copies, and library access. As noted in my two previous orders (ECF 8, 12), prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or

incarcerated, to obtain access to the courts to adjudicate claims that have a reasonable basis in law or fact without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 290-91 (7th Cir. 2004). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions hindered the inmate's efforts to pursue a non-frivolous legal claim, and that actual harm resulted. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious [claim] has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). Thus, to state a claim, Murfitt must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Murfitt previously outlined four separate civil actions that he alleged he was unable to pursue because the defendants refused to allow him access to copies, the law library, and mail. However, he now acknowledges that he was mistaken about the statute of limitations for his claim arising from events on June 12, 2012, and he concedes that the defendants are not liable to him on this claim. (ECF 14 at 2.)

Likewise, Murfitt alleged that the defendants prevented him from filing a notice of tort claim by the deadline for an excessive force claim arising from an incident on September 6, 2016, and a notice of tort claim by the deadline for a false arrest claim arising from an incident on September 19, 2017. If Murfitt has meritorious claims based on excessive force and false imprisonment, he can obtain damages by bringing his

2

claims under 42 U.S.C. § 1983. Indeed, he has now brought an action pursuant to 42 U.S.C. § 1983 asserting his excessive force claim arising in September of 2016. *See Murfitt v. Cox*, 3:18-CV-751-JD-MGG (filed Sept. 10, 2018). Because he is now pursuing this claim in federal court and he has ample time to pursue his claim based on the September 19, 2017, incident, he cannot demonstrate that he was harmed by the defendants' actions.

That leaves only one claim. Murfitt alleges that, on August 14, 2016, a police officer falsely told his landlord that he had violated the chronic nuisance ordinance and, as a result, his landlord forced him to move from his apartment. He asserts that he was unable to pursue this claim for two reasons. He could not send the notice of tort claim by the February 20, 2017, deadline because he did not have access to the law library to obtain information about the tort claim format and procedure, and he was unable to send the notice in the manner prescribed by the Indiana Tort Claims Act.

The limitations on his law library access described by Murfitt did not prevent him from accessing the court. Murfitt concedes that he was not incarcerated between August 14, 2016, and his arrest on September 6, 2016. He also concedes that, although he remained incarcerated from September 6, 2016, until the date that the notice of tort claim was due, he enjoyed law library access from late November of 2016 until the second week in January of 2017. He claims he needed to review I.C. § 34-13-3-10 to obtain the tort claim format, but he had ample opportunity to obtain the information he required either prior to his incarceration or during the nearly two months when he did have law library access. Furthermore, the statute that Murfitt claims he needed to read

essentially says "tell us what happened." While it may have been helpful to review the statute, it was not necessary to prepare a notice of tort claim that substantially complied with the statute. *See Geder v. Roth*, 765 F. Supp. 1357, 1359 (N.D. Ill. 1991) (failure to prepare orders as directed by the court was not the result of inadequate law library access, because no legal research was needed). Thus, I am not convinced that the alleged lack of law library access infringed upon Murfitt's right to access the courts.

Likewise, the alleged restrictions on access to certified or registered mail did not prevent Murfitt from filing his notice of tort claim. I.C. § 34-13-3-12 provides that tort claim notices must be delivered in person or by registered or certified mail, and Murfitt alleges that Coleman told Murfitt that the jail does not make either registered or certified mail available to inmates. But, Murfitt is not entitled to public subsidy of the costs of litigating his civil case, and it is unclear if registered and certified mail were not available at all or merely not available free of charge. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (indigent *pro se* prisoner had no "constitutional entitlement to subsidy. . . to prosecute a civil suit"). Ultimately, it does not matter because Murfitt did not prepare his notice of tort claim for mailing. Thus, the inability to access either registered or certified mail is not the cause of his injury.

Lastly, despite multiple opportunities to amend, Murfitt has not alleged facts that suggest that the underlying claim that he was unable to pursue was non-frivolous or that he was injured because of his inability to file the notice of tort claim. He has alleged only that a law enforcement officer told his landlord that he had violated the chronic nuisance ordinance, that the information provided was false, and that, as a

4

result, he was forced to relocate. This description does not suggest that the officer was acting outside the scope of his duties, and the officer would therefore enjoy immunity on this claim. *See Myers v. Maxson*, 51 N.E.3d 1267, 1278–79 (Ind. Ct. App. 2016) (noting that "[t]he ITCA provides substantial immunity for conduct within the scope of a public employee's employment[.]"). While an officer can lose immunity if he acts "so far out of the scope of his or her employment as to amount to fraud or criminal conduct," even tortious acts can fall within the scope of employment. *See Ball v. Jones*, 52 N.E.3d 813, 820 (Ind. Ct. App. 2016) (holding that an officer that allegedly falsified a probable cause affidavit was acting within the scope of his employment and was therefore cloaked with immunity). There is nothing in Murfitt's complaint suggesting that the officer's actions amounted to either fraud or criminal conduct when he communicated with Murfitt's landlord. Thus, I conclude that the claim he was allegedly prevented from pursuing was frivolous, and that he has not alleged facts from which it can be plausibly inferred that he suffered damages because of his inability to pursue this claim.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

**SO ORDERED**.

ENTERED: December 20, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT